United States District Court
For the Northern District of California

1

2

3

4

5                        IN THE UNITED STATES DISTRICT COURT

6                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8     MY NU REALTY,                                  No. C -13-01296 EDL

9                Plaintiff,                           **REPORT AND RECOMMENDATION
                                                      RE: DEFENDANT'S APPLICATION TO**
10     v.                                             **PROCEED IN FORMA PAUPERIS**

11    LIDIA LEONBERGER,

12                Defendant.
       _____/
13

14         On March 22, 2013, Defendant Maria Perez filed a Notice of Removal and an Application to

15    Proceed In Forma Pauperis in this case.  No party has consented to this Court's jurisdiction, so the

16    Court issues this Report and Recommendation and will reassign this case to a district judge.  For the

17    reasons set forth below, the Court recommends granting Defendant's Application to Proceed In

18    Forma Pauperis and remanding this matter to state court.

19         Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the

20    commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a

21    person who makes affidavit that he is unable to pay such costs or give security therefor."  In

22    reviewing an application to proceed in forma pauperis, the court may dismiss a case sua sponte if the

23    court determines that the party applying for in forma pauperis status has filed a frivolous action.  28

24    U.S.C. § 1915(e)(2); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).  Under 28 U.S.C.

25    § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact.  Neitzke v.

26    Williams, 490 U.S. 319, 325 (1989).  Dismissal on these grounds is often made sua sponte prior to

27    the issuance of process, so as to spare prospective defendants the inconvenience and expense of

28    answering such complaints.  Id. at 324.

          Defendant's Application to Proceed In Forma Pauperis adequately alleges her poverty.

1   While Defendant states that she is employed, her monthly expenses exceed her monthly income.

2   She does not own a home, and the balance of her bank account is $57.00.  She states that she does

3   not have any other assets.  Therefore, Defendant qualifies for In Forma Pauperis status, and her

4   Application should be granted.

5          However, the Court lacks subject matter jurisdiction in this case.  The Ninth Circuit "strictly

6   construe[s] the removal statute against removal jurisdiction."  Gaus v. Miles, Inc., 980 F.2d 564, 566

7   (9th Cir. 1992) (citations omitted).  Thus, "[f]ederal jurisdiction must be rejected if there is any

8   doubt as to the right of removal in the first instance."  Id. (citation omitted).  "The 'strong

9   presumption' against removal jurisdiction means that the defendant always has the burden of

10  establishing that removal is proper."  Id.; see also Abrego v. Dow Chemical Co., 443 F.3d 676, 685

11  (9th Cir. 2006).  Removal jurisdiction may be based on diversity of citizenship or on the existence of

12  a federal question.  28 U.S.C. § 1441.  Whether removal jurisdiction exists must be determined by

13  reference to the well-pleaded complaint.  Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S.

14  804, 808 (1986).

15         Defendant bases removal on federal question jurisdiction, stating that Plaintiff failed to

16  comply with the Protecting Tenants at Foreclosure Act, Pub.L.No. 111-22, § 702, 123 Stat. 1660

17  (2009).  Notice of Removal at ¶3.  Where a civil action over which the federal courts have original

18  jurisdiction is brought in state court, the defendant may remove the action to federal district court.

19  See 28 U.S.C. § 1441.  A case may be removed pursuant to 28 U.S.C. § 1441 only where a federal

20  question appears on the face of the properly pleaded complaint.  See Caterpillar Inc. v. Williams,

21  482 U.S. 386, 392 (1987); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826,

22  830 (2002) ("The well-pleaded-complaint rule has long governed whether a case "arises under"

23  federal law for purposes of § 1331."); see also Wayne v. DHL Worldwide Express, 294 F.3d 1179,

24  1183 (9th Cir. 2002) ("The presence or absence of federal-question jurisdiction is governed by the

25  'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal

26  question is presented on the face of the plaintiff's properly pleaded complaint.").  Here, the face of

27  the complaint, which asserts only one state law claim for unlawful detainer, does not provide any

28  ground for removal.  Therefore, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1331

because the complaint, on its face, does not arise under federal law.

Although Defendant did not base removal on diversity jurisdiction, the Court notes that diversity jurisdiction also does not exist.  Pursuant to 28 U.S.C. § 1332, this Court has diversity jurisdiction where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs."  Here, because the complaint alleges that Plaintiff is a California corporation and that Defendants are residents of California, there is no diversity of citizenship among the parties.  Further, the face of the complaint reveals that it was filed as a limited civil case in which the amount in controversy is less than $10,000.  See Cal. Code Civ. Proc. § 85. Accordingly, this case was not removable as a diversity action.

Accordingly, the Court recommends granting Defendant's Application to Proceed In Forma Pauperis and remanding this case to the Contra Costa County Superior Court.  Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy.  See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Dated: March 27, 2013

_____
ELIZABETH D. LAPORTE
United States Chief Magistrate Judge